UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHARON LEE GALLAGHER, | : | NO. 4:24-CV-0880 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | (CAMONI, M.J.) |
| FRANK BISIGNANO,[1] | : | |
| *Commissioner of Social Security*, | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

This is an action brought under 42 U.S.C. § 1383(c)(3), seeking judicial review of the final decision of the Commissioner of Social Security denying Plaintiff Sharon Gallagher's claim for supplemental security income benefits under Title XVI of the Social Security Act. The Court has jurisdiction to review this matter pursuant to 42 U.S.C. § 1383(c)(3) (incorporating 42 U.S.C. § 405(g) by reference). For the reasons stated herein, the Court will affirm the decision of the Commissioner.

---

[1] Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano should be substituted as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I. BACKGROUND

### A. Procedural History

On November 6, 2015, Gallagher applied for supplemental security income benefits, alleging disability beginning May 1, 2011. Transcript, Doc. 12-5 at 2. Following an initial denial, Gallagher exhausted the administrative remedies and filed a prior civil action in this Court. Doc. 12-9 at 21. In January 2019, while that action was pending, Gallagher filed a new application for supplemental security income. Doc. 12-11 at 16. When that claim was denied, Gallagher again exhausted the administrative appeals. Doc. 12-9 at 43, 53. Meanwhile, this Court vacated the Administrative Law Judge's ("ALJ") decision denying Gallagher's 2015 claim and remanded the matter for a new hearing. *Id.* at 25. The agency carried out the remand order and consolidated Gallagher's 2015 and 2019 claims. *Id.* at 36–37.

On remand, the ALJ found Gallagher disabled as of January 27, 2021, but not before that date. *Id.* at 83–84. Gallagher appealed and the Appeals Council vacated and remanded the ALJ's decision in part for finding Gallagher not disabled before January 27, 2021. *Id.* at 58–61. On March 1, 2023, after another hearing, an ALJ again found Gallagher not

disabled before January 27, 2021. Doc. 12-8 at 20, 38. Gallagher appealed and the Appeals Council declined to assume jurisdiction. *Id.* at 4. The ALJ's decision, therefore, became final. 42 U.S.C. § 405(g). Pending before this Court is Gallagher's *pro se* action seeking judicial review of the Commissioner's decision. Doc. 1.

## B.   The Disability Determination Process

To receive disability benefits under the Social Security Act ("Act"), a claimant must be unable to "engage in any substantial gainful activity by reason of any medically determinable . . . impairment which can . . . result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Under the Act, a claimant is disabled "only if his . . . impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." § 423(d)(2)(A). An impairment is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." § 423(d)(3).

Social Security regulations provide a "five-step sequential evaluation process" to determine if a claimant is disabled. 20 C.F.R. § 416.920(a)(1). The claimant bears the burden of persuasion through step four, while at step five, the burden shifts to the Secretary to show that the claimant can perform substantial gainful employment other than the claimant's past relevant work. *Williams v. Sullivan*, 970 F.2d 1178, 1181 (3d Cir. 1992) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987)).

At the first step, the claimant must establish that he has not engaged in substantial gainful activity since the onset of the alleged disability. *See* § 416.920(a)(4)(i). At the second step, claimant must establish that he suffers from a "severe medically determinable . . . impairment that meets the duration requirement . . . ("impairment . . . must have lasted or must be expected to last for a continuous period of at least 12 months")." § 416.920(a)(4)(ii). At the third step, the claimant must provide evidence that his impairment "meets or equals one of our listings in appendix 1." § 416.920(a)(4)(iii). If the claimant demonstrates his impairments meet those listings, he is considered to be disabled. *See id.*; § 416.920(d). If he cannot establish severity of impairment at the

4

third step, the eligibility analysis proceeds to step four in which the ALJ determines whether the claimant's residual functional capacity ("RFC") allows the claimant to continue his previous employment. § 416.920(a)(4)(iv). RFC "is the most [a claimant] can still do despite" impairments. § 404.1545(a)(1). To prevail on step four, claimant's "impairment(s) must prevent [him] from doing . . . past relevant work." § 416.920(f). At the fifth step, the Commissioner bears the burden to demonstrate that the claimant's RFC and his "age, education, and work experience . . . [allows] adjustment to other work." § 416.920(a)(4)(v). If the Commissioner cannot satisfy this burden, the claimant's claim is granted. *See* § 416.920(g).

### C. The ALJ's Decision

Here, the ALJ determined that Gallagher "was not disabled prior to January 27, 2021, but became disabled on that date and has continued to be disabled through the date of this decision." Doc. 12-8 at 38. The ALJ reached this conclusion after proceeding through the five-step sequential analysis required by the Social Security Act. § 416.920(a)(4)(i)–(v); *see* Doc. 12-8 at 24–38.

At step one, the ALJ determined that Gallagher "has not engaged in substantial gainful activity since the date of application, September 28, 2015." Doc. 12-8 at 24. At step two, the ALJ found that Gallagher has the following severe impairments: lupus, Hashimoto's disease, thyroid nodules, degenerative disc disease of the cervical, thoracic, and lumbar spine with radiculopathy/radiculitis and lumbago, chronic pain, polyarthralgia, inflammatory arthropathy, hallux rigidus of the right foot, hallux limitus of the left foot, fibromyalgia, headaches, small vessel ischemic disease of the white matter, and adhesive capsulitis of the left shoulder. *Id.* At step three, the ALJ determined that since May 1, 2011, the alleged onset date of disability, none of Gallagher's impairments, considered individually or in combination, met or equaled the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1. *Id.* at 27.

Between steps three and four, the ALJ found that prior to January 27, 2021, the date on which the ALJ found Gallagher became disabled, she had the following RFC:

> [T]o perform medium work as defined in 20 CFR 416.967(c) except the claimant can frequently utilize foot controls with the bilateral lower extremities and frequently reach, handle, finger, and feel with the bilateral upper extremities. The claimant can frequently balance, stoop, kneel, crouch, crawl, and climb ramps and stairs but can never climb ladders,

ropes, or scaffolding. They can tolerate no more than frequent exposure to extreme cold, heat, wetness, and humidity and can frequently operate a motor vehicle, but must avoid all exposure to vibration and hazards, such as unprotected heights and dangerous moving mechanical parts.

*Id.* at 29.

At step four, the ALJ determined that Gallagher "has no past relevant work," and that "[t]ransferability of job skills is not an issue because the claimant does not have past relevant work." *Id.* at 36. At the fifth and final step, the ALJ denied Gallagher's supplemental security income claims before January 27, 2021, because after considering her "age, education, work experience, and [RFC], there were jobs that existed in significant numbers in the national economy that the claimant could have performed" prior to that date. *Id.* at 36.

### D. Issues on Appeal

Gallagher, proceeding *pro se*, contends that the ALJ erred because:

(1) All [ALJs] have unjustly refused to include all medical proof of what caused my severe . . . disabilities. All ALJs have refused to subpoena the 2015 retinal CT scan images, which are proof of the blood fungus and proof that the fungal culture was a false negative.

(2) Choosing to say the (2012) fungal antibody blood test 80% positive for systemic Candida is not proof that the systemic fungus is active, is not completely true according to the CDC.

 (3) The ALJ claims the "evidence in your case record is complete and detailed enough to make a decision whether you are disabled."

 (4) All [ALJs] have unjustly dismissed my statement of the severity of my symptoms cause [*sic*] by an eighteen year untreated blood fungus.

 (5) Bias.

Pl.'s Br., Doc. 16 at 7–8.

In essence, Gallagher argues that the ALJ failed by: (1) refusing to evaluate pertinent medical evidence in the record; and (2) refusing to consider Gallagher's statement as to the severity of her symptoms. *See id.* This case is fully briefed (Docs. 16, 17) and ripe for resolution. The parties consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, including entry of final judgment. Consent Form, Doc. 8. The Court, adhering to the deferential standard of review outlined below, affirms the decision of the Commissioner.

## II. LEGAL STANDARD

In reviewing the Commissioner's final decision denying a claimant's application for benefits, the Court is limited to determining whether the findings of the final decision-maker are supported by substantial

evidence in the record. *See* 42 U.S.C. § 1383(c)(3) (incorporating 42 U.S.C. § 405(g) by reference); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008); *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012). Under the substantial-evidence standard, a court examines an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019). Substantial evidence does not mean a large or considerable amount of evidence, but rather "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 103; *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Substantial evidence is less than a preponderance of the evidence but more than a mere scintilla. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A single piece of evidence is not substantial evidence if the ALJ ignores countervailing evidence or fails to resolve a conflict created by the evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). In an adequately developed factual record, however, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial

evidence." *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966). "In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole." *Leslie v. Barnhart*, 304 F. Supp. 2d 623, 627 (M.D. Pa. 2003). In reviewing the record for substantial evidence, "[n]either the district court nor [the Third Circuit] is empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams*, 970 F.2d at 1182. To reverse the ALJ's findings and decision, the Court "must find that the evidence not only supports [a contrary] conclusion but compels it." *Immigr. & Naturalization Serv. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).

The question before the Court, therefore, is not whether Gallagher is disabled, but whether the Commissioner's finding that Gallagher is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See Arnold v. Colvin*, No. 12-2417, 2014 WL 940205, at *1 (M.D. Pa. Mar. 11, 2014) ("[I]t has been held that an ALJ's errors of law denote a lack of substantial evidence."); *Burton v. Schweiker*, 512 F. Supp. 913, 914 (W.D. Pa. 1981) ("The [Commissioner]'s determination as to the status of a claim requires the correct application of the law to the facts."); *see also Wright*

*v. Sullivan*, 900 F.2d 675, 678 (3d Cir. 1990) (noting that the scope of review on legal matters is plenary); *Ficca*, 901 F. Supp. 2d at 536 ("[T]he court has plenary review of all legal issues decided by the Commissioner."). In determining that question, the Court must evaluate whether the ALJ's decision meets the burden of articulation necessary to enable judicial review; that is, the ALJ must articulate the reasons for his decision beyond stating bare conclusions. *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000).

## III. DISCUSSION

Gallagher challenges the ALJ's determination that she was not disabled before January 2021, asserting that the ALJ failed by: (1) refusing to evaluate pertinent medical evidence in the record; and (2) refusing to consider Gallagher's statement as to the severity of her symptoms. Doc. 16 at 7–8. Mindful of the deferential standard of review outlined above, and finding no error, the Court will affirm the decision of the Commissioner.

### A. Substantial evidence supports the ALJ's assessment of Gallagher's medical records

Gallagher asserts that the ALJ has "unjustly refused to include all medical proof," by: (1) refusing to "subpoena the 2015 retinal CT scan

images;" and (2) discounting her 2012 "fungal antibody blood test," which support her claims of fungal infection and candida impairments. *Id.* at 7.

### 1.   The 2015 retinal CT scan

An ALJ can issue subpoenas and that power is discretionary under the regulations. The Code of Federal Regulations provide:

> When it is *reasonably necessary* for the full presentation of a case, an administrative law judge or a member of the Appeals Council *may*, on his or her own initiative or at the request of a party, issue subpoenas for the appearance and testimony of witnesses and for the production of books, records, correspondence, papers, or other documents that are material to an issue at the hearing.

§ 416.1450(d)(1) (emphasis added). Thus, the ALJ must first find the record to be subpoenaed reasonably necessary for the full presentation of a case, and only then may the ALJ issue a subpoena. *Id.*; *but see Rosa v. Colvin*, 956 F. Supp. 2d 617, 624 (E.D. Pa. 2013) (noting that some district courts have stated that the authority to issue subpoenas can become mandatory where the claimant is pro se). Here, the ALJ correctly found that a subpoena was not reasonably necessary because the records at issue were already in the record. *See* Doc. 12-8 at 21.

In fact, Gallagher had already submitted to the agency the 2015 retinal CT scan images in the past. *Id.*, citing Ex. 23F, Doc. 12-13 at 95

12

("These are my retinal photos taken by Hazleton Eye Specialist in 2015."). And the agency corresponded several times between January and February of 2023 to inform Gallagher that those images "were already in evidence and that the [ALJ] relies on the reports accompanying the photographs." *Id.*; *see Rosa*, 956 F. Supp. 2d at 624 (finding that the ALJ should have at least notified a plaintiff of the ALJ's intent to forego considering the records prior to issuing the opinion). Thus, the ALJ correctly determined that a subpoena was not necessary.[2] *See Torres v. Barnhart*, 139 F. App'x 411, 414 (3d Cir. 2005) (affirming the ALJ's decision not to issue a subpoena under § 416.1450(d) as it was not necessary for the full presentation of the case).

### 2. *The 2012 fungal antibody blood test*

Gallagher asserts that the ALJ chose to ignore a 2012 fungal antibody blood test and "Dr. LePine's statement" regarding that test. Doc. 16 at 7. The ALJ, however, did evaluate Dr. LePine's report, Doc. 12-8 at

---

[2] Gallagher later asserted that the reports accompanying the photographs "were lies and wanted them all removed from [Gallgher's] record." Doc. 12-8 at 21. But Gallagher "cannot saddle the ALJ with [her] own perspective regarding the internal cohesiveness of the treatment notes and then accuse [the ALJ] of failing to develop the record by declining to issue a subpoena." *Torres v. Barnhart*, 139 F. App'x 411, 414 (3d Cir. 2005).

24 (citing 22F/1, Doc. 12-13 at 90), but found that the medical records from treating providers did not support a finding of systemic candida. *Id.* (citing Doc. 12-7 at 136, 141, 208; Doc. 12-13 at 236, 265). The ALJ's assessment, therefore, is supported by substantial evidence. *Leslie*, 304 F. Supp. 2d at 627 ("[T]he court must scrutinize the record as a whole."). At bottom, Gallagher asks the Court to reweigh the evidence in her favor by giving controlling weight to Dr. LePine's statement instead of the medical opinions of her other treating providers. This Court cannot grant such a request. *See Williams*, 970 F.2d at 1182 ("Neither the district court nor [the Third Circuit] is empowered to weigh the evidence or substitute its conclusions for those of the fact-finder.").

### B.  Substantial evidence supports the ALJ's RFC assessment.

Gallagher also argues that the ALJs "have unjustly dismissed my statement of my symptoms cause [*sic*] by an eighteen year untreated blood fungus." Doc. 16 at 8. Specifically, she contends that the ALJ is biased and that it is unfair for the ALJ "to choose to dismiss what I have to say about my severe limitations." *Id.* The Court finds that the ALJ properly considered Gallagher's subjective assertions, but found them

"not entirely consistent with the treatment evidence of record or the claimant's reported activities of daily living." Doc. 12-8 at 30.

First, the ALJ began his RFC assessment by considering Gallagher's pain symptoms and self-reported limitations:

> The claimant alleged that their physical conditions have caused widespread body pain since 2008, which worsened in 2011, significantly limiting their ability to function on a daily basis. Specifically, the claimant reported pain in the lower back, legs, feet, shoulders, and joints. She indicated they borrowed her sister's crutches in 2010 and has consistently use them for stability and ambulation of more than a few blocks. The claimant averred sitting for more than a couple hours exacerbates their back and hip pain, that they can only stand for a few minutes at a time, and that they retain the ability to walk without crutches for about the distance from the car to the store to obtain a motorized shopping cart. The claimant stated she can lift an eighteen (18) pound cat food bag while shopping for a brief period and can carry a gallon of milk. However, she indicated her exertional ability would vary based upon their level of pain. The claimant also reported fatigue that causes her to take breaks while performing tasks and that her pain level on a typical day not doing anything is a nine point five (9.5) (3E; 28E; 50E; 24F/2; Hearing Testimony). In prior hearings the claimant had also testified regarding swollen joints, especially in their hands, reduced grip strength, and that the pain medication prescribed would actually worsen their condition.

*Id.* Further, the ALJ acknowledged that the facts of record establish that Gallagher "has physical conditions that cause difficulty." *Id.* at 33.

Under the regulations, however, an ALJ evaluates a claimant's symptoms, including pain, "to the extent to which [the] symptoms can reasonably be accepted as consistent with the objective medical evidence." § 416.929(a). Importantly, "statements about [a claimant's] pain or other symptoms will not alone establish that [a claimant] is disabled." *Id.* Here, the ALJ considered but discounted Gallagher's self-reported impairments of candida and blood fungus after reviewing laboratory tests, statements from infectious disease specialists, rheumatologists, and treating physicians that did not reasonably substantiate Gallager's complaints. *See* Doc. 12-8 at 24 (citing Doc. 12-7 at 136, 141, 208, 389; Doc. 12-13 at 236, 264–66). As to Gallagher's symptoms and limitations, the ALJ explained that "[w]hat the evidence of record demonstrates is that the claimant's symptoms may not have existed at the level of severity asserted by the claimant and/or may have had other mitigating factors against their impact on the claimant's ability to engage in work activity prior to January 27, 2021." *Id.* at 33.

In addition to the objective medical evidence undermining her complaints, the ALJ assessed Gallagher's credibility and considered her testimony about daily activities as weighing against her claims. The ALJ

16

explained that Gallagher found "almost immediate improvement of her symptoms with oral antifungal medication," but that treatment records indicate "a pattern of the claimant disagreeing with provider's treatment plans and demanding alternative procedures/medication." *Id.* at 32. Although the ALJ "cannot reject evidence for no reason or for the wrong reason," *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005), the Court "ordinarily defer[s] to an ALJ's credibility determination." *Renfer v. Barnhart*, 326 F.3d 376, 380 (3d Cir. 2003); *Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 433 (3d Cir. 1999) ("[T]he ALJ can reject such claims if he does not find them credible."). And the ALJ further found that in her 2015 Function Report, Gallagher "detailed independence in self-care and activities of daily living." Doc. 12-8 at 32. *See Russo v. Astrue*, 421 F. App'x 184, 190 (3d Cir. 2011) (affirming the ALJ's RFC assessment where a plaintiff lacked credibility and had daily living activities in conflict with self-reported limitations). Thus, the ALJ's credibility determinations and assessment of Gallagher's self-reported limitations are supported by substantial evidence. Finally, the Court finds nothing in the record to support Gallagher's allegation of bias.

Accordingly, the Court finds that the ALJ has articulated the reasons for his decision beyond stating bare conclusions, *Burnett*, 220 F.3d at 119, and that "a reasonable mind would accept as adequate to support [the ALJ's RFC] conclusion." *Berryhill*, 587 U.S. at 102.

## IV. <u>CONCLUSION</u>

Accordingly, the Commissioner's decision is **AFFIRMED**.

An appropriate order follows.

Date: November 26, 2025         <u>s/*Sean A. Camoni*</u>
                                Sean A. Camoni
                                United States Magistrate Judge